IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY C. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-695-SMY-DGW |
| | ) |
| H. GARY APOIAN, ATTORNEY AT | ) |
| LAW INDIVIDUALLY AND D/B/A | ) |
| APOIAN LAW GROUP, LLC AND | ) |
| APOIAN, ROSS & FUNK, P.C., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff filed suit against Defendants H. Gary Apoian, Attorney at Law individually and d/b/a Apoian Law Group, LLC and Apoian, Ross & Funk ("Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendants now move to dismiss Plaintiff's Complaint (Doc. 9). For the following reasons, the motion is **DENIED**.

In the three paragraph motion to dismiss, Defendants assert that they had no prior knowledge of nor involvement in the conduct alleged in Plaintiff's Complaint. Specifically, Defendants assert that they never attempted to collect money from Plaintiff and that Defendants are not corporate or in house counsel to a collection agency (Doc. 9). The motion cites no rules, statutes or any other authority supporting dismissal. However, the Court construes Defendants' motion as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal of Civil Procedure.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir.2006). To state a claim upon which relief can be granted, a complaint must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

Here, Plaintiff's Complaint alleges that she incurred a consumer debt and fell behind on payments, that the original creditor hired Defendants to collect the debt and that Defendants sent a dunning letter that violated the FDCPA through its debt collection efforts (*see* Doc. 1). Drawing inferences in Plaintiff's favor, her allegations are sufficient to meet Rule 8's liberal pleading requirements. Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Here, there are sufficient factual allegations in Plaintiff's Complaint to allow her FDCPA claim to proceed against the Defendants. Accordingly, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**